Carrington v. The City of St. Louis.

CARRINGTON v. THE CITY OF ST. LOUIS *et al., Appellants.*

1. **Municipal Corporations**: STREETS: NEGLIGENCE. It is the duty of a city to keep its streets and sidewalks in a reasonably safe condition for persons traveling thereon with ordinary care and caution, and it is liable in damages to one injured by reason of its negligence in this behalf.

2. ——— : ——— : ———. This duty and consequent liability extend to cases where the unsafe condition of the street is brought about by persons other than the agents of the city. But in such cases it devolves upon the plaintiff to show that the city had notice of the defect, or, by the use of reasonable care and watchfulness, ought to have had knowledge thereof.

3. ——— : ——— : ———. Negligence on the part of a city, in not knowing of the dangerous condition of its streets or sidewalks, may be shown by circumstances, including the lapse of time during which the defect existed. And much depends upon the surround-

ings. What might be negligence in not knowing of a dangerous condition of a sidewalk at one locality would not be at another, and the city is called upon to use increased care at a point where the walk is much used.

4. ———: ———: ———. The evidence in this case held sufficient to justify the court in submitting the question of the city's knowledge of the obstruction to the jury.

5. ———: CITY OF ST. LOUIS: POLICE: AGENT. The police force of the city of St. Louis constitutes a department of the city government and a policeman of the city is an officer and agent thereof, and his knowledge of an obstruction or defect in the sidewalk is notice to the city and knowledge thereof on the part of the latter.

6. ———: NEGLIGENCE: DAMAGES. A municipal corporation is not liable in damages for the wrongful or negligent acts of its police or other officers in the execution of powers conferred upon the corporation or officers for the public good, and not for private corporate advantage, unless made so by statute law, expressly or by implication.

7. ———: ———. A municipal corporation is liable for the negligent use of its own property the same as private corporations.

8. Witness: PHYSICIAN. The secrecy enjoined upon physicians and surgeons by Revised Statutes, section 4017, as to information obtained from patients while attending them in a professional character, is not an absolute disqualification, but is for the protection of the patient and may be waived by him, and the physician is a competent witness to testify as to such information when called by the patient.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellants.

(1) The court erred in permitting Dr. Chase, a dental surgeon, to testify against defendants' objections to information derived by him when treating the plaintiff for injuries complained of in this case. R. S., sec. 4017; *Gartside v. Ins. Co.*, 76 Mo. 446. (2) The circuit court erred in refusing to instruct the jury that there could be

no recovery against the city of St. Louis. 2 R. S., p. 1527, secs. 1, 3, 5, 13, 15, 16. The injury that gave rise to this action was sustained at the police station on Ninth and Angelica streets, in the city of St. Louis. The plaintiff fell over an open door leading into the cellar underneath the station house. The door was opened and suffered to remain open by a police officer in charge of said station house, who was making repairs on the same. He was not under the control of the city of St. Louis. The city of St. Louis was forbidden by law from interfering with the policeman, or from altering or changing the station house. The cellar door was open about two hours before the accident. It is not pretended that the city had notice that it was open, or that it had been open for sufficient time to charge the city with notice of the fact. Without one or the other of these facts established, the recovery against the city cannot be sustained. *Bonine v. Richmond*, 75 Mo. 437. The policeman was not the agent of the city of St. Louis, and his knowledge of the condition of the cellar doors did not charge the city with notice. 2 Dill. Mun. Corp. [3 Ed.] sec. 975. The city is not responsible for the negligence of the board of police commissioners. *Atwater v. Baltimore*, 31 Md. 462. Nor for the negligence of the policeman, Batte. *Elliott v. Philadelphia*, 75 Pa. 347. (3) The board of police commissioners is a necessary party defendant in this case. See section 9, of article 16, of City Charter, 2 Revised Statutes, 1626. The plaintiff should have been non-suited under the provisions of this section.

*O. G. Hess* for respondent.

The first point made by appellants is that the trial court erred in admitting the testimony of E. C. Chase, the dentist. Respondent contends that there was no error

Carrington v. The City of St. Louis.

in this, because, first: The witness was a mere dentist, and not a physician or surgeon within the meaning of the statute. *Brayton v. Chase*, 3 Wis. 458: *Brown v. Railroad*, 66 Mo. 597; *Edington v. Ins. Co.*, 77 N. Y. 569. Second: Even if he was a physician or surgeon within the meaning of the statute, he was not an incompetent witness when called by the patient whom he treated, or, in other words, he was not incompetent because he was called by the party in whose favor his incompetency was created. The privilege of the statute may be waived by the patient. *Fraser v. Jennison*, 42 Mich. 224; *Schrepps v. Foster*, 41 Mich. 748; 1 Greenleaf Ev. [12 Ed.] p. 276, sec. 243; *Johnson v. Johnson*, 14 Wend. 637; *Edington v. Ætna Life Ins. Co.*, 13 Hun, 343; *Edington v. Mutual Life Ins. Co.*, 67 N. Y. 196; *Grattan v. Mutual Life Ins. Co.*, 80 N. Y. 298; 1 Wharton on Evidence [1 Ed.] p. 581, sec. 606; *Masonic Mutual Ben. Ass'n v. Beck*, 77 Ind. 209; *Ex. Mut. Aid Ass'n v. Riddle*, 91 Ind. 88. In an action of this kind the city is liable and the instructions are all correct. *Loewer v. City of Sedalia*, 77 Mo. 431; *Halpin v. City of Kansas*, 76 Mo. 335; *Bonine v. City of Richmond*, 75 Mo. 437; *Donahue v. Vulcan Iron Works*, 75 Mo. 401; *Russell v. Columbia*, 74 Mo. 480; *Buesching v. St. Louis Gas Light Co.*, 73 Mo. 219; *Beaudeau v. Cape Girardeau*, 71 Mo. 392; *Oliver v. City of Kansas*, 69 Mo. 79. The court did not err in refusing to instruct the jury that plaintiff could not recover. The board of police commissioners was not a necessary party defendant. A city that permits a cellar way to be and remain in its sidewalks is liable for any injury to a person receiving such injuries without negligence on his part. *Smith v. Leavenworth*, 15 Kas. 81; *Davenport v. Ruckman*, 37 N. Y. 573; *Sterling v. Thomas*, 60 Ill. 264; *Chapman v. Mayor of Macon*, 55 Ga. 568; *Wendell v. Mayor*, 39 Barb. 336, and cases cited. It was the duty of the city to provide proper safeguards and rail-

ing around the cellarway to prevent persons from falling. *Chicago v. Gallager,* 44 Ill 295; *City of Springfield v. Le Claire,* 49 Ill. 476 ; *Blake v. City of St. Louis,* 40 Mo. 569. The question as to the city's notice of the defect complained of, was fairly submitted to the jury by plaintiff's instruction number three, strictly in accordance with the case of *Bonine v. Richmond,* 75 Mo. 437. And the question of notice is one for the jury and not for the court, no matter how long or how short the time. *Colley v. Westbrook,* 57 Me. 181 ; *Augusta v. Hoffers,* 59 Ga. 152.

BLACK, J.—The plaintiff, a minor, brought this suit by his next friend to recover damages for injuries sustained by falling against iron trap doors of a cellar way in a sidewalk in the city of St. Louis. The doors covered a cellar way opening into a building used and occupied by the police commissioners as a police station. The defendant, Batte, who was a member of the police force, opened the doors, painted them, propped them open with a stick and left them in that position to dry. Plaintiff fell upon them and received severe injuries.

1. It is the duty of the city to keep its streets and sidewalks in a reasonably safe condition for persons traveling thereon with ordinary care and caution. This duty and a consequent liability extends to those cases where the obstruction or unsafe condition of the street is brought about by persons other than the agents of the city. *Bassett v. St. Joseph,* 53 Mo. 298; *Russell v. Columbia,* 74 Mo. 490. But in such cases it devolves upon the plaintiff to show that the city had notice of the defect or ought to have had knowledge thereof by the use of reasonable care and watchfulness. The court told the jury that Batte was not the agent of the city, and that his negligence was not its negligence, and left it to them to determine "whether the dangerous condition of the sidewalk and cellar way was known to the city, or by

the use of ordinary care might have been known to it in time to have the same safe and thus prevented the injury." Assuming that the policeman was not the agent of the city then there is no evidence that any agent had knowledge of the defect. Obviously then, under the principles of law before stated and the instruction which is in conformity therewith, the question is, was there evidence entitling the case to go to the jury on the ground that the defendant should have known of the defect. Negligence in not knowing of the dangerous condition of the doors may be shown by circumstances, including the lapse of time during which the defect existed. Besides the undisputed facts before stated, the evidence tends to show that the doors were seen open between one and two o'clock in the afternoon and continued propped open until the boy got hurt, about half past five o'clock of the same afternoon ; that it was dark when he fell upon the doors, though the street lamps at that particular place and the gas jets at the station had not been lighted ; and that the sidewalk at this place was much resorted to for travel, so much so that scarcely ten seconds of time intervened between the time in which persons would pass and re-pass both day and night. The sidewalk was ten feet wide and the doors extended out from the building and into the walk four feet eight inches. This evidence we hold fully justified the court in submitting the question to the jury. Much depends upon the surroundings in cases of this character, for what might be negligence in not knowing of a dangerous condition of a sidewalk at one locality in the city would be at another. The walk was much used and resorted to and that called for increased care on the part of the city.

2. But was Batte, the policeman, an agent or an officer of the city of St. Louis ? If he was not, it is by reason of the various special acts of the general assembly establishing a board of police commissioners within

and for the city of St. Louis.  Chapter 6, appendix to volume 2, Revised Statutes, 1879. · By these acts four of the commissioners are appointed by the governor.  The mayor of the city is ex-officio a member and president of the board.  The members of the police force are appointed by the commissioners, removed by them and under their exclusive control and not subject to the orders of or interference by the municipal assembly.  The commissioners and the force under them are charged with such duties as are usually imposed upon public officers and are commanded among other things to "protect the rights of persons and property," and to "prevent and remove nuisances on all streets, highways, waters, and other places."  The commissioners are required to make an estimate annually of the amount of money necessary to enable them to discharge their duties and to certify the same to the municipal assembly and that body is required to make an appropriation therefor, and the disbursing officer of the city is to make payments to the commissioners on their requisition.  By a subsequent act (sections twenty and twenty-two of said chapter six), the municipal assembly has power to increase the police force and to increase or diminish and regulate the pay of the police upon the recommendation of the commissioners.  By a still subsequent act, passed in 1873 (section twenty-three of chapter six), the municipal assembly has "power to fix the salaries of the police force," not to exceed certain designated amounts.  Section thirty-three of the same compiled laws, volume two, page 1535, Revised Statutes, 1879, is as follows: "The members of the police force of the city of St. Louis, organized and appointed by the police commissioners of said city, are hereby declared to be officers of the city of St. Louis, under the charter and ordinances thereof, and also to be officers of the state of Missouri, and shall be so deemed and taken in all courts having jurisdiction of offences against the laws of this state or the ordinances of said

city." All private watchmen, detectives and policemen serving in the city are to obtain a license from the president of the commissioners.

It is plain from these provisions of the law that the police force constitutes a department of the city government. While these officers are state officers for some purposes they are also city officers. They are none the less city officers because, for reasons deemed best by the legislature, they are under the control of the commissioners, and not the assembly. We see that by express law they are made city officers. No such declarations seem to have been made in the statute with respect to the board of police commissioners of Baltimore, under which the case of *Attwater v. The Mayor, etc.*, 31 Md. 462, was decided. There it was held the city was not liable for a failure to remove a nuisance from a public street, because the power to remove the nuisance was lodged in the police and not the city, and the police officers were held not to be city officers. The difference between the statute there and here is material.

But though we must conclude that Batte was an agent of the city, yet it does not follow that the city is liable for all of his negligent acts. The rule of law is well settled that a municipal corporation is not liable in damages for the wrongful or negligent acts of its police or other officers in the execution of powers conferred upon the corporation or officers for the public good, and not for private corporate advantage, unless made liable by statute law, expressly or by implication. *Armstrong v. Brunswick*, 79 Mo. 319; *Kiley v. City of Kansas*, 87 Mo. 103; Dill. Mun. Corp. [3 Ed.] sec. 975; *Murtaugh v. St. Louis*, 44 Mo. 479. But we do not see how these principles of law can aid the defendant here, for it is the unquestioned duty of the city to keep its streets and sidewalks in a reasonably safe condition for persons traveling thereon, and it is liable in damages to one injured by reason of negligence in this behalf. Again, the

city is liable for the negligent use of its own property the same as private corporations. Dill. Mun. Corp. [3 Ed.] section 985.

The bill of exceptions in this case recites that it was shown by the defendant that the police station, the building, belonged to and was occupied by the board of police commissioners. We do not understand by this that the title to the property was in them, or that they could hold the title to real estate. The building was evidently furnished by or at the expense of the city of St. Louis. We conclude that as to the act in question Batte was the officer and agent of the city, and that his knowledge of the condition of the trap door was notice to and knowledge thereof on the part of the city.

3. The statute, which says a physician or surgeon shall be incompetent to testify concerning any information which he may have acquired from any patient while attending him in a professional character, etc., (section 4017, Revised Statutes, 1879), does not create an absolute disqualification. The secrecy enjoined upon the physician and surgeon is for the protection of the patient and may be waived. The patient does waive the privilege by calling the physician as a witness to testify as to information thus acquired. *Groll v. Tower*, 85 Mo. 249. There was, therefore, no error in allowing the dental surgeon to testify, should he be within the purview of the statute, a question which is not considered.

The judgment is affirmed. All concur.