JAY RAY, Respondent, v. THE CITY OF POPLAR BLUFF, Appellant.

St. Louis Court of Appeals, April 7, 1897.

1. **Municipal Corporations:** DEFECTIVE SIDEWALK: DUTY OF CITY TO PROVIDE ORDINARY SAFEGUARDS: NEGLIGENCE. Where a defect or obstruction in a street or walk is the necessary result of the proper execution of the work, it is the duty of the municipality to see that the street or walk is made reasonably safe for night travel; and it can not escape liability for neglect of this duty by attempting to shift upon others the responsibility for such neglect.

2. **Evidence.** *Held:* That the evidence in this cause was sufficient to submit to the jury the question as to how deceased met her death.

3. **Contributory Negligence**: DILIGENCE: EVIDENCE: JURY QUESTION. Where the evidence was that there were no lights or barriers in the street to warn deceased of an opening in the sidewalk, and it did not appear from plaintiff's evidence whether deceased knew of the defect, it was for the jury to say whether, in the exercise of ordinary care, deceased could have discovered such defect, and if so, whether she could have avoided the injury by the exercise of such care.

4. **Instructions**: EVIDENCE. Instructions given upon the theory that even though the deceased knew of such defect in the sidewalk, or was warned of it by barriers, she was at liberty to take that route in preference to another, and if in doing so, she fell through the opening in the walk, while exercising due care, defendant would be liable, were erroneous, where defendant's evidence tended to show deceased knew of the dangerous condition of the walk and chose it when a safe one was open to her. *Cohn v. City of Kansas*, 108 Mo. 387.

*Appeal from the Iron Circuit Court.*—HON. J. F. GREEN, Judge.

REVERSED AND REMANDED.

*F. D. Gebhardt* and *E. R. Lentz* for appellant.

The deceased wife knew of the dangerous condition of the sidewalk, and in attempting to pass over it in such condition was guilty of contributory negligence. Dill. on Mun. Corp., sec. 789; *Boyd v. Springfield*, 62 Mo. App. 456; *Bruker v. Covington*, 69 Ind. 33; *Parkhill v. Brighton*, 61 Iowa, 103.

The deceased wife by the use of the sense of sight, could, under the existing circumstances, have seen the opening in time to have averted the injury. She was therefore guilty of contributory negligence, and the court should have so declared as a matter of law. *Hayden v. R'y*, 124 Mo. 566; *Hugart v. R'y*, 36 S. W. Rep. 220; *Vogg v. R'y*, *Id.* 646; *R'y v. Moseley*, 57 Fed. Rep. 921; *Maxey v. R'y*, 113 Mo. 1; *Kelsey v. R'y*, 129 Mo. 362; *Lane v. R'y*, 33 S. W. Rep. 646; *Powell v. R'y*, 76 Mo. 80; *Lenix v. R'y*, *Id.* 86.

Contributory negligence was pleaded in this case, and there was evidence tending to prove it. It was therefore incumbent on the court to instruct on that question. *Gilson v. R'y*, 76 Mo. 286; *Barton v. R'y*, 52 *Id.* 253; *Craig v. Sedalia*, 63 *Id.* 417; *Dunkman v. R'y*, 16 Mo. App. 548; *Staples v. Town of Canton*, 69 Mo. 593.

*A. D. Hight, Wm. A. Spann*, and *Rainey & Cartney* for respondent.

There is no evidence tending to prove that the deceased wife knew of any defect in the sidewalk; even if she did she was not bound to have abandoned the accustomed route of travel, if she was using ordinary care. *Buesching v. Gaslight Co.*, 73 Mo. 219; *Loewer v. Sedalia*, 77 *Id.* 431; *Soeder v. R'y*, 100 *Id.* 673.

It was the duty of defendant to keep the whole of the bridge in repair, or to place lights or signals at the opening to warn pedestrians of the impending danger; and it will be liable for injuries caused by the defective condition of one side, though the other be safe for travel. *Huston v. Mayor*, 5 Seld. (N. Y.) 163; *Walker v. City of Kansas*, 99 Mo. 647; *Roe v. City of Kansas*, 100 *Id.* 190 (overruling *Fritz v. Kansas City*, 84 *Id.* 632); *Craig v. Sedalia*, 64 *Id.* 417.

There was no evidence tending to prove that the accident complained of was caused by the inattention or recklessness of deceased. The presumption is she was exercising ordinary care; and after plaintiff proved negligence on the part of the city, it devolved upon the city to show negligence on the part of deceased. *Buesching v. Galight Co., supra; Fugler v. Bothe*, 43 Mo. App. 197.

There is no evidence tending to show the deceased committed suicide. The burden of proof is upon de-

fendant to prove suicide, as there is no presumption of law that deceased committed suicide. *Buesching v. Gaslight Co.;* 73 Mo., at 230; *Lancaster v. Ins. Co.,* 62 *Id.* 128, 129.

It was the duty of the city, and not passers-by, to notice the defect in the street. *Squires v. Chillicothe,* 89 Mo. 227.

The city could not, by making a contract with Dudley & Company, thereby surrender its jurisdiction over the streets, so as to relieve itself of liability caused by third parties. It must take notice of their acts. *Haniford v. Kansas City,* 103 Mo. 173; *Taubman v. Lexington,* 25 Mo. App. 218; *Wallace v. Mayor,* 2 Hil. (N. Y.) 440; *Mayor v. Bailey,* 2 Denio, 443-445; *Block v. St. Louis,* 40 Mo. 569; *Braston v. Syracuse,* 37 Barb. 292. See, also, as to duty and power of city, 1 Seld. 369; 16 N. Y. 159.

BIGGS, J.—The plaintiff sues for damages for the death of his wife. The city of Poplar Bluff owns and maintains a bridge across Black river. The city is built on the east and west sides of the river and the bridge serves as a connection for two streets. The bridge has a wagon-way in the center and on each side are footpaths about three feet wide constructed of boards laid crosswise on three stringers running lengthwise. In January, 1895, the city was engaged in constructing a system of waterworks. In perfecting the system it became necessary to lay a water pipe under the floor of the bridge. To accomplish this the contractors on the morning of January 10 began to take out the north half of the southern walk, by sawing and removing the boards. They continued the work until 5 o'clock in the afternoon of January 11, at which time they had removed all of that portion of the walk except about five feet at the eastern end. At that time the

plaintiff and his wife lived on the east side of the river, about fifty yards south of the eastern terminus of the bridge. The plaintiff's wife was drowned in Black river. It is supposed that this happened some time after 6 o'clock P. M. on January 11. The plaintiff claims that she fell through the opening in the side-walk. The negligence complained of is that the defendant negligently failed to erect barriers or to put up lights at the east end of the walk. In addition to a general denial the answer contained a plea of contributory negligence. It also charged that the plaintiff's wife committed suicide. The replication denied the new matter. The trial resulted in a verdict and judgment for the plaintiff for $2,000. The defendant has appealed.

The court refused to direct a nonsuit. Of this the defendant complains. In support of this assignment it is urged that there was no substantial evidence of negligence on the part of the city. As it DEFECTIVE side-walk: duty of was conceded that the opening was made in city to provide ordinary safe- the walk, and as the evidence for the plain-guards: neg-ligence. tiff tended to prove that there were no barriers or lights at the east end of the bridge, the only possible foundation for the contention is, that the work was done by independent contractors, and that if they neglected to adopt the necessary precautions to warn persons of the dangerous condition of the walk, the defendant could not be held for resulting damage in the absence of notice to its officers of such neglect. The principle invoked is applicable in cases like we have here only when the defect which is caused by the act of the contractor is purely collateral to the work. It has no application where the defect or obstruction in the street must necessarily have resulted from the proper execution of the work. In such cases the duty remains with the city to see to it that the street

is made reasonably safe for night travel. This duty it can not evade or shift to the shoulders of others. *Russell v. Columbia*, 74 Mo. 480; *Storrs v. The City of Utica*, 17 N. Y. 104; *Circleville v. Neuding*, 41 Ohio St. 465; Whittaker's Smith on Negligence, p. 218 (note). The case at bar falls within the latter rule, as it is conceded that in the execution of the work it was necessary to take up a portion of footwalk, and that the opening should remain until the water pipe was laid.

Another ground of nonsuit is that there is no substantial evidence that the deceased fell through the opening in the bridge. As to the time and manner of the death the evidence is circumstantial. The deceased disappeared sometime during the evening of January 11, and her body was found two days thereafter in Black river about six hundred feet below the bridge. No one saw her fall into the stream. One of plaintiff's witnesses testified to these facts: At 6 o'clock on the evening of January 11 he crossed the bridge to the east. Near the eastern terminus he met a woman going west along the defective sidewalk. She wore a cape or wrap of dark color, and the skirt of her dress was of white material. Another witness testified to these facts: He started to cross the bridge from west to east a few minutes after 6 o'clock. When he got about half way across the bridge he heard something fall into the water. He immediately ran to the southern railing of the bridge and he saw some person struggling in the water. Other evidence introduced by plaintiff tended to prove the following additional facts: When Mrs. Ray was drowned she wore a circular cape of dark color and she had on a white apron. Her clothing was torn in several places and her lips were bursted. At the place on the bridge

about where the witness saw someone in the water a bunch of human hair was found on a nail which projected from one of the stringers. The hair was eighteen inches long, and was about the color of that of the deceased. At this place the opening between the stringers was from sixteen to seventeen inches wide, and the dust on the stringers seemed to have been brushed off. There was also evidence that the deceased said that she was going across to the west portion of the city and left a neighbor's house for that purpose about 6 o'clock on that evening. This was the last time any of her acquaintances saw her. This evidence was sufficient to carry the question to the jury.

Finally it is urged that the deceased was guilty of contributory negligence. This defense is an affirmative one and could only avail the defendant as a ground of nonsuit, in case the plaintiff's evidence showed conclusively that the deceased was wanting in due care. There was evidence that there were no barriers or lights at the eastern terminus of the walk, and the plaintiff's evidence failed to disclose that the deceased knew of the defective condition of the walk. If there were no barriers and the deceased did not know of the dangerous condition of the walk, it remained for the jury to say whether in the exercise of ordinary care she could have discovered the opening, and if discovered, she could have avoided the injury, by the exercise of a like degree of diligence. We think it quite clear that the circuit court did right in submitting the case to the jury, and we will therefore overrule the assignment.

*CONTRIBUTORY negligence: diligence: evidence: jury question.*

Complaint is also made of the action of the court as to the instructions. The court on its own motion gave, among others, the following:

"3. Although you may believe that plaintiff's wife had frequently passed over the said walk where

the injury to her occurred (if you shall find that she did fall through an opening in the walk), and that she knew that work was being done on and about the bridge; yet if the walks were accustomed routes of travel in the city, she was not required to abandon the same; she had a right to travel upon said walk, but the law required her to exercise ordinary care and prudence in so doing; and by the term ordinary care is meant such care and caution as a person of ordinary prudence would have exercised under the same circumstances. In determining the question whether she did exercise such care, you will take into consideration all the facts and circumstances in evidence before you. If you find that her negligence or want of care directly contributed to the injury resulting in her death, you will find for defendant."

"5. And if you shall find from the evidence that the opening in the bridge, made by the employees of Dudley & Co., was protected by barriers or guards, so as to notify or warn the public of the existence of said opening, then plaintiff's wife was bound to use ordinary care and prudence to avoid accident or injury, and if you believe that she, in attempting to pass by said opening, was injured by falling into the same, and that she might have avoided said injury by the exercise of ordinary care and prudence, you will find for the defendant."

The defendant's instructions numbers 7 and 8, which were refused, assert a contrary doctrine, and are to wit:

"The court instructs the jury that if the deceased wife of the plaintiff knew of the opening in the sidewalk and that she attempted to pass where it was, when in consequence of the darkness of the night, she could not see it, plaintiff has no legal reason to complain of the injury she received, on account of the fact that the

opening in the sidewalk was there. In such case she must be treated as having taken the risk upon herself, and this, too, although the fact of the existence of the opening was not present in her mind at that time."

"If the opening in that bridge was an open one, and the deceased wife of plaintiff knew its location, and that it was an open one in the sidewalk, she must be held to know that there was danger of falling into it when passing the place in a dark night, and plaintiff can not recover, if with knowledge of the existence of the opening described in the complaint, his deceased wife attempted to pass it in a dark night, and in such attempt was injured by falling into it."

We are of the opinion that under the evidence and the conceded facts in the case the instructions of the court are wrong. They proceed upon the theory that even though the deceased actually knew of the dangerous condition of the sidewalk or was warned of it by barriers, she was at liberty to take that route across the bridge in preference to the wagon-way or the other footpath, and if, in so doing, she fell through the opening while exercising due care, the defendant would be liable in the action. The cases support this doctrine, but it certainly has some limitations. The question we apprehend must depend largely upon the facts of each individual case. The question arose for the first time in this state in the case of *Smith v. City of St. Joseph*, 45 Mo. 449. In that case the plaintiff, while passing along the street on a dark night, missed the usually traveled route and fell into an excavation near the side of the street. The defense was that the plaintiff knew of the excavation and that she could have gone to her home by another street. It was held that under such circumstances she was not bound to abandon the street which she had been accustomed to travel. In the last deci-

INSTRUCTIONS: evidence.

sion on the subject ( *Cohn v. City of Kansas*, 108 Mo.
387) it was held, as a matter of law, that the plaintiff
was guilty of contributory negligence for taking a route
which was manifestly unsafe instead of another, which
was open to her, and was entirely safe.   In the case at
bar the defendant's evidence tended to prove that the
deceased had actual knowledge of the dangerous con-
dition of the walk, and also that the eastern portion of
the walk was protected by a barrier.   The undisputed
facts are that there is a wagon-way adjacent to the
walk and running parallel with the wagon-way on the
north is another sidewalk, either of which the deceased
could have taken by taking a few additional steps.
Now, if she knew about the condition of the walk, or
was advised of it by proper barriers, and she persisted
in passing over the bridge by that way, it must be held
that she was guilty of contributory negligence.   She
knowingly chose the dangerous path, when a safe one
was open to her, and in doing so she assumed the haz-
ard of the experiment.   This, in reason, ought to be
the law in this particular case.   The city undoubtedly
had the right to make the opening in the sidewalk for
the purpose stated and to leave it in that condition for
a sufficient time to accomplish the work.   Therefore,
if sufficient barriers or lights were put up and main-
tained at night, the city could not be held for damages
resulting to a person who disregarded the warnings, or
who, knowing the situation, voluntarily incurred the
danger.   During the progress of the work it was not
intended or expected that anyone would use the walk.

We, therefore, conclude that the instructions given
by the court are erroneous, and those asked by the
defendant ought to have been given.   In other respects
the case was fairly tried.   The judgment will be reversed
and the cause remanded.   All concur.