WARREN, Appellant, v. CITY OF INDEPENDENCE.

153  593
91a  495

Division One, February 5, 1900.

1. **Streets: PEDESTRIANS: MUD.** It is a duty which a municipal corporation owes the public that its streets shall be reasonably safe for travel by day or by night, and it is liable in damages to one injured because of a neglect of that duty. But it is not an insurer of the safety of pedestrians on its streets.

2. ――――: ――――: ――――: REASONABLE SAFETY. A city of the third class is not negligent in permitting mud to accumulate and remain indefinitely shoe-top deep on a street crossing at the foot of a hill, the street being in fact a dirt road. And if in wet weather the crossing becomes muddy and slippery because of the passing of wagons over it, and the slush of new and melting snow, and a pedestrian slips and falls, the city is not liable for her injuries.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*L. T. Dryden* for appellant.

(1) The court should have permitted the case to have gone to the jury. It was for the jury to say whether the sidewalk was safe or not; and whether respondent was guilty of negligence or not. Appellant contends that the court erred in sustaining demurrer to the evidence and asks that this court remand the cause. A demurrer to the evidence admits the facts the evidence tends to prove, and in passing upon it the court is required to make every inference of fact from the evidence in favor of the party offering it which the jury might with any degree of propriety have made or inferred in plaintiff's favor. Buesching v. St. Louis Gaslight Co., 73 Mo. 220; Frick v. Railroad, 75 Mo. 595; Harris v. Railroad, 89 Mo. 233; Donahue v. Railroad, 91 Mo. 357; O'Hare v. Railroad, 95 Mo. 662; Twohey v. Fruin, 96 Mo. 104; Rine v. Railroad, 100 Mo. 228; Wilkerson v. Railroad, 26 Mo. App. 144; Harriam v. Railroad, 27 Mo. App. 435; Eton v. Ins. Co., 32 Mo. App. 54; Walton v. Railroad, 32 Mo. App. 634; Burbridge v. Street Railway, 36 Mo. App. 669; George v. Railroad, 40 Mo. App. 433; Davis v. Clark, 40 Mo. App. 515; Field v. Railroad, 46 Mo. App. 449; Millinery Co. v. Railroad, 59 Mo. App. 668. (2) Municipal corporations are bound to keep their streets and sidewalks in a reasonably safe condition for the condition for the convenience of travelers either by day or night, and if they fail to do so, they are liable for all injuries resulting to persons in consequence of a neglect of such duty. Blake v. St. Louis, 40 Mo. 569; Bowie v. Kansas City, 51 Mo. 454; Bassell v. St. Joseph, 53 Mo. 290; Welsh v. St. Louis, 73 Mo. 71; Russell v. Columbia, 74 Mo. 480; Kiley v. Kansas City, 87 Mo. 103; Carrington v. St. Louis, 89 Mo. 208; Roe

v. Kansas City, 100 Mo. 190; Haniford v. Kansas City, 103 Mo. 172; Frank v. St. Louis, 110 Mo. 516; Flynn v. Neosho, 114 Mo. 567; Sindlinger v. Kansas City, 126 Mo. 315.   (3) The question whether or not a street or sidewalk is in a reasonably safe condition is one for the jury, and it is erroneous to take such question from them, if there is any evidence tending to show it was or was not safe.   Taubmar v. Lexington, 25 Mo. App. 218; Young v. Kansas City, 45 Mo. App. 600; Brennan v. St. Louis, 92 Mo. 482.   (4)   When ice has accumulated on a street by reason of neglect on the part of the city to construct and maintain suitable drains to carry surface water away, the city is liable to a person injured by slipping and falling upon such ice, and the failure of a city to remove ice from a sidewalk within a reasonable time after notice of its condition, renders it liable to a person injured thereby.   Collins v. Council Bluffs, 7 Am. Rep. 203; Dickie v. Scranton City, 31 Am. St. Rep. 757; Cloughchessey v. Waterbury, 50 Am. Rep. 38; McLaughlin v. Cony, 18 Am. Rep. 432; Hughes v. Lawrence, 36 N. E. Rep. 485; Hinds v. Marshall, 22 Mo. App. 208.

*Paxton & Rose* for respondent.

(1)   Plaintiff has not shown that the mud was a dangerous obstruction; and the burden of proof was on the plaintiff. Nor has she shown that she was more apt to fall in the deep mud than on the small amount of mud which would have been there in any event. Yarnell v. Railroad, 113 Mo. 570. (2) The verdict could not rest on a mere conjecture, but must rest upon tangible evidence or fair inference from it.   The evidence does not show whether the fall was caused by the old mud or by the new snow and slush; the jury can not be left to speculate as to the cause.   Searles v. Railroad, 101 N. Y. 661; Durr v. Village, 71 Hun. 260; Taylor v. Yonkers, 105 N. Y. 202; Moore v. Abbott, 32 Me. 46; Callahan v. Warne, 40 Mo. 132; Peck v. Railroad, 31 Mo. App. 123; Stokes v. Burns, 132

Mo. 214.   (3)   Plaintiff having failed to make out her case, it matters not on what ground the demurrer was sustained. Pope v. Boyle, 98 Mo. 527.

VALLIANT, J.—Suit for damages for personal injuries, sustained by plaintiff in slipping and falling on a street crossing in defendant city.   The negligence charged against the city is:   "That at the times mentioned in this petition there was a plank or wooden sidewalk extending across College street on the east side or line of Spring street.   That defendant carelessly and negligently permitted and allowed earth, mud or dirt and water to accumulate and remain on College street on the east side of Spring street aforesaid, rendering and making said sidewalk unsafe and dangerous for travel."   The petition also stated that the crossing was in that condition on the day of the accident and had been so for a long time and that the city knew or by the exercise of ordinary care would have known of the condition, and that in consequence of the condition the plaintiff, who is a woman sixty years of age, in attempting to pass over the crossing, using due care, slipped and fell and received serious injuries.

The answer traverses the allegations of negligence and pleads that plaintiff was guilty of negligence which contributed to her injuries.   Plaintiff's reply denied that she was negligent.

The cause came on for trial before the court and jury, and upon the close of the testimony on the part of plaintiff, the court at the request of the defendant gave an instruction to the effect that the plaintiff was not entitled to recover, whereupon a nonsuit with leave was taken, and after ineffectual effort to have it set aside, the plaintiff brings this appeal, the sole question for review being: Was the plaintiff's evidence sufficient to require the court to submit the case to the jury?

Although the word sidewalk is used in the petition yet the petition as well as the evidence shows that it was a street

crossing and not a sidewalk on which the plaintiff fell. The evidence tended to show that it was a wooden crossing over College street at its intersection with Spring street. College street at that point is highest in the middle, sloping on each side to the gutter, and the wooden crossing following the form of the street was likewise highest in the middle, and sloped with the grade of the street to each side. The crossing was well constructed; it was at the foot of a hill, and the street being only a dirt road, neither paved nor macadamized, there was always mud on the crossing when there was wet weather. Some of the witnesses said the mud was generally shoe-top deep all along the crossing, and had been so for a year or two prior to the accident; this mud was carried there by wagons crossing and was also washed down from the hill. On the day of the accident there had been a snow and freeze, which was then thawing, so that in addition to the usual mud there was melting snow and slop.

Plaintiff, who lived near the crossing and was quite familiar with it, said: "Q. At the time of rain a great deal of water runs down that street? A. Yes, sir. This crossing was at the foot of the hill, and it was very muddy. It was a perfect slush all over the crossing, quite a fall of snow which had melted. The mud was about shoe-top deep."

Under the end of the crossing near the sidewalk, towards which plaintiff was walking, a drain had been constructed, which when open carried off the water that came down on that side of the street, but at this time the drain had become stopped up and had been so for a long time, and the water that should have gone under, was forced to flow over that end of the crossing, and the consequence was there was, in the opinion of the witnesses, more mud on that end of the crossing than there would have been if the drain had been kept open. In this condition of the street, in the afternoon between three and four o'clock, the plaintiff in attempting to pass over the crossing slipped and fell, and was seriously injured. According to

her own testimony she had "got across the main part and was about to that slope," when she fell, but according to her other witnesses, who undertook to locate the place, she was about the middle of the street.

The foregoing is substantially all that the plaintiff's testimony tended to prove. ·

Much stress is laid by the plaintiff's counsel on the fact that the drain under the end of the crossing had been suffered to remain stopped up for a long time, resulting in more mud at that end than would otherwise have been, and the argument is that the city was negligent in suffering the drain to be in that condition. But that is not declared on in the petition as an act of negligence. The only negligence charged in the petition is the allowing of mud and water to accumulate on that crossing. The evidence does not show that water had accumulated there on the day of the accident, but does show that the crossing was covered with mud and to that extent sustains the allegations of the petition. But the evidence also shows that the recent snow was melting, which added to the slippery condition of the crossing. Whether the plaintiff's fall was caused by the mud of which she complains in her petition or by the slush as to which her petition is silent, can only be conjectured.

A municipal corporation owes the duty to the public who use its streets, that the same shall be reasonably safe for travel by day and by night, and is liable in damages to one injured because of neglect of that duty. But it is not an insurer of the safety of persons passing through its streets. [Carrington v. St. Louis, 89 Mo. 213; Frank v. St. Louis, 110 Mo. 516; Carvin v. St. Louis, 151 Mo. 334; Baustian v. Young, 152 Mo. 317.]

There is no difference between counsel as to the principle of law governing this case, but conceding the law to be as above stated, the question is, has the defendant, a city of the third class, violated its duty in this respect by suffering mud to accumulate and remain indefinitely to the depth of shoe-top

on a crossing at the foot of a hill in one of its streets, which is in fact but a dirt road? Or the question may be thus stated, is a street in that condition reasonably safe? It has never been held in this State even as to our largest cities that they are required to pave their streets or to surface them with hard material, and much less could be expected of the smaller cities. If it is lawful for the small cities to leave their streets, with only an earth surface, then it would be unreasonable to hold them liable if in wet weather the streets become muddy and a pedestrian should slip because of the mud and fall. We are not now considering the case of a pedestrian on a sidewalk, but one on a street crossing over which wagons run, carrying and depositing mud. We do not say that a condition as to mud might not be such as would justify the court in submitting to the jury the question as to whether or not the city was guilty of negligence in suffering the condition to remain, but we are considering now only a street in which the greatest depth of mud testified to by any witness was shoe-top. So far as danger of slipping may be apprehended, it would be as great if the mud on the crossing was only two inches deep as it would be if it was as deep as the plaintiff thinks it was where she fell. The quality of the mud would probably have more to do with the result than the quantity. But the plaintiff's testimony showed another slippery element in the case for which she does not seek to hold the city liable, which in all probability had as much to do with her misfortune as the mud on the crossing, that is the melting snow that she speaks of.

There is another fact in the case which doubtless the trial court took into consideration, which is that the plaintiff was entirely familiar with the crossing and its condition as to mud and slush was obvious. Considering the season, February 13th, the character of the road, the location of the crossing, the mud and the melting snow, and the obviousness of the condition, we think the trial judge took the correct view of the case, and the judgment is affirmed. All concur.