JNO. H. BURNES, Respondent, v. CITY OF ST. JOSEPH, Appellant; ST. JOSEPH WATER COMPANY, Respondent.

Kansas City Court of Appeals, January 20, 1902.

1. **Municipal Corporations:** JURISDICTION OVER STREETS; PUBLIC UTILITIES. A municipality, having power over its streets, must exercise it for the general public and can not grant a railway, etc., such use of a street as will destroy its public usefulness.

2. ———: ———: ———: INSURER. While a municipality may authorize erections for public utilities, such as hydrants, in its streets it still owes to the public the duty to keep its streets reasonably safe for travelers by day and night, but it is not an insurer of safety of those using its streets.

3. ———: ———: ———. A municipality allowing an unguarded hydrant improperly placed in its streets so as to constitute an obstruction therein is liable to one injured thereby regardless of how the obstruction came there.

4. ———: USE OF STREET: SIDEWALK: JURY QUESTION. Where no part of a street is appropriated to sidewalks, and vehicles are habitually driven on any part of it, the municipality will be liable to a driver of a wagon who is injured by reason of an unguarded hydrant placed eleven feet from the street line, al-

though he may have been driving between the hydrant and the street line, and whether the location and condition of the hydrant made traveling dangerous is a jury question.

5. ———: HYDRANT IN STREET: CONTRIBUTORY NEGLI-GENCE: SHYING OF TEAM: NOTICE. Where a horse of ordinary gentleness merely shies so that the driver does not lose control over him, but is injured by coming in contact with an obstacle in the street, the city is liable and the traveler's knowledge of the existence of the obstacle is of no consequence where the darkness is such that he could not see it.

6. ———: CITY OF SECOND CLASS: LIABILITY OF THIRD PARTY. A hydrant was built by a water company under contract with the city. It was then leased to the city and the water company was only required to supply it with water. The city had exclusive control of its streets and power to provide water, etc. *Held*, the city was alone responsible for the erection of a hydrant in its streets and not the water company.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*Brown & Dolman* for water company.

(1) To give the city the right to have a co-defendant joined with it under section 5723, such co-defendant must be liable to an action by the party injured. (2) The city having absolute control of its streets, was alone responsible for the condition of the work, and whatever may have been the rights of the city with reference to requiring the water company to make a change, the plaintiff had no interest in them. Norton v. St. Louis, 97 Mo. 537; St. Louis v. Ins. Co., 107 Mo. 92; Baustian v. Young, 152 Mo. 317. (3) Even were the hydrant used for private purposes and under the absolute control of the water company, being rightfully there, it could not be made a nuisance by the act of the city. Hannibal v. Richards, 82 Mo. 330; Weeks v. Milwaukee, 10 Wis. 186.

*Kendall B. Randolph* for appellant.

(1) The demurrer to the evidence offered by appellant at the close of plaintiff's evidence should have been given. It was the duty of the court, after the evidence in this case, to have declared as a matter of law that the fire hydrant was not a dangerous obstruction in the street. Craig v. City of Sedalia, 63 Mo. 417; Carvin v. City of St. Louis, 151 Mo. 334; Bassett v. City of St. Joseph, 53 Mo. 290; Warren v. City of Independence, 153 Mo. 593. If Mr. Burnes had been riding on the bed of his wagon, sitting sideways with his feet hanging over, and his team had shied against a telegraph pole, he could make the same complaint with as much apparent reason as he does now, that the telegraph pole was an obstruction; and the same could be said as to the corner of a fence or hitching post or the side of a building. (2) The court should have declared as a matter of law that it was negligence on the part of the plaintiff to ride with his feet hanging down close to the ground upon the running-gears of his wagon. Especially in view of his familiarity with Messanie street. McKenna v. Railroad, 54 Mo. App. 167-8; Schultz v. Railroad, 32 Mo. 438; Hudson v. Railroad, 101 Mo. 30; Smith v. Brunswick, 61 Mo. App. 578. (3) Section 5723, Revised Statutes 1899, provides that no judgment shall be rendered against the city unless judgment is rendered against the person or corporation jointly liable with the city. The judgment in this case is erroneous if the water company is liable to respondent. The water company supplied the water and had the same charge of its hydrants that it did of its water mains. Sec. 5723, R. S. 1899; Donoho v. Vulcan Iron Works, 75 Mo. 401; Merrill v. City of St. Louis, 83 Mo. 254; Schweickhardt v. St. Louis, 2 Mo. App. 571. Even if the court should be of opinion that on this ground appellant is not entitled to a reversal of the judgment in favor of respondent, it would nevertheless be entitled to a reversal as to the water company. Wiggin v. St. Louis, 135 Mo. 558.

*Stauber, Crandall & Strop* and *Henry M. Ramey* for respondent Burnes.

(1) Under the facts in this case it was clearly the duty of the court to submit the case to the jury. There was such negligence on the part of the city as to render it liable to any one injured thereby without fault on his part. Vogelgesang v. St. Louis, 139 Mo. 127; Warren v. City of Independence, 153 Mo. 593; Ray v. City of Poplar Bluff, 70 Mo. App. 252; Skinner v. Stifel, 55 Mo. App. 9; Nixon v. Railroad, 141 Mo. 425; Graney v. City, 141 Mo. 180; Meiners v. St. Louis, 130 Mo. 274. (2) If there is a dangerous obstruction in the street, it matters not how it got there, it is the duty of the city to remove it. Waltemeyer v. Kansas City, 71 Mo. App. 354; Sallee v. St. Louis, 152 Mo. 615; Norton v. St. Louis, 97 Mo. 537. (3) The city having graded up and opened the whole of this street for travel, was bound to keep the whole of it in a reasonably safe condition. Kossman v. St. Louis, 153 Mo. 293. (4) In the absence of any lights to warn him or barriers to keep him off of said obstruction, plaintiff had the right to assume that said street was reasonably safe for him to use it. Nixon v. Railroad, supra; Roe v. Kansas City, 100 Mo. 190; Franke v. St. Louis, 110 Mo. 516. (5) A clear liability against the city is shown, and if, as contended by the city, the court committed an error against the city and in favor of the water company, it is a matter which does not and did not concern this plaintiff. Donoho v. Vulcan Iron Works, 75 Mo. 405; Wiggins Ferry Co. v. St. Louis, 135 Mo. 558. In this case, the act of the water company did not cause the injury, but the act of the city in grading the street up and around the fire-plug, etc.

SMITH, P. J.—This is an action to recover damages for personal injuries. The allegations of the petition were to this effect:

"That the water company, with knowledge of its co-defendant city, maintained in and on the south side of Messanie street, about twenty feet from the property line, an iron hydrant two feet and four inches high; that the whole of the south half of the street on both sides of the plug was traveled with vehicles; that there were no barriers to prevent persons from driving upon the plug nor were there any lights or other means of warning thereon; that the plaintiff, without knowing the location of the fire plug, which was not visible to him, drove over it in the nighttime, and his leg, coming in contact with it, was broken. That his said injuries were caused by the carelessness and negligence of defendants in maintaining and suffering to be maintained the aforesaid fire plug in the aforesaid public street at the point aforesaid and in the manner aforesaid."

There was a trial in court below where it was disclosed by the evidence that the hydrant referred to in the petition was placed in said street by the defendant water company under authority conferred by an ordinance of the defendant city. The street at the time said hydrant was placed therein was not graded, and the hydrant stood about five feet above the then surface of the street, at the point where it was located. A few months before the plaintiff was hurt, the defendant city brought the street to grade at the place where said hydrant was located by filling it up there several feet, so that the hydrant thereafter stood only about twenty-five inches above the surface which was quite level at that place.

The street was eighty feet wide and along the center of it there had been laid the single track of an electric railroad. Posts were set at about one hundred and eighty feet apart on either side of the street to support a trolly wire. They were set out into the street at various distances from the property line varying from eleven to thirteen feet. The hydrant stood eleven feet four inches into the street from the property line. There were no sidewalks on either side of the street in the

vicinity of the hydrant. The public travel and use of the street extended over every part of it and from property line to property line. The space between the hydrant and street railway posts and the property line was used by the public for driving vehicles therein. No part of the street had been appropriated nor in way designated or used as sidewalks for the use of pedestrians. It was a street without sidewalks.

At about half past seven in the evening of the latter part of the month of January the plaintiff, while driving his wagon along said street, met a street railway car which caused his horses to shy and deflect in their course some eight or ten feet, from the direct line on which they were being driven. The plaintiff was setting on the coupling-pole just behind where it is attached to the hounds, with his feet hanging down in front of the beam. By this deflection the wagon was made to straddle the hydrant and when the front axle collided with it the plaintiff called "whoa" to his horses; but they did not stop until after the plaintiff's leg had been caught between the brake-beam and the top of the hydrant, and so injured. The night was very dark and plaintiff did not see or know of the location of the hydrant at the time his horses shied. Before the street was graded there were posts set around the hydrant so as to keep vehicles from coming in contact with it, but at the time the plaintiff was hurt, it was not lighted or in any way guarded.

The defendant city had constructive if not actual notice of the location and condition of the hydrant. The plaintiff knew that there was a hydrant in that part of the street but owing to the prevailing darkness he was unable to tell just where it was located. There was no question but that the plaintiff's injuries were of a serious nature.

We have thus very fully stated the facts for the reason that the defendant city, by an instruction in the nature of a demurrer to the evidence, challenged the right of the plaintiff to a submission of the case to the jury; and to the considera-

tion of the question thus presented we shall first turn our attention. The doctrine is firmly imbedded in our jurisprudence that a municipal corporation, having power over its streets, as here, must exercise it for the general public. And in conformity to this doctrine it has been ruled in this State that such a corporation has no power to grant to railways, telephone companies, and the like, such a use of a street as will destroy its usefulness as a public thoroughfare. Bldg. Ass'n v. Telephone Co., 88 Mo. 258; Lockwood v. Railway, 122 Mo. 86; Sherlock v. Railway, 142 Mo. 172.

But it has the power to authorize the appropriation of its streets to all such uses as are conducive to the public good and do not interfere with the *complete and unrestricted use of such streets as highways.* It may therefore authorize the erection in its streets of telephone, telegraph, electric light or electric street railway poles, the construction of sewers, laying of water pipes and the erection of hydrants thereon. Ferrenback v. Tuner, 86 Mo. 416, and cases there cited; Telegraph Co. v. Guernsey, 46 Mo. App. 121.

It is a duty which a municipal corporation owes to the public to keep its streets so that they will be reasonably safe for travel by day and night. But it is not the insurer of the safety of persons passing along its streets. Warren v. Independence, 153 Mo. 593; Baustain v. Young, 152 Mo. 317; Carvin v. St. Louis, 151 Mo. 334; Franke v. St. Louis, 110 Mo. 516; Carrington v. St. Louis, 89 Mo. 213. And where it grades and opens up a street for travel, it is bound to keep it in a reasonably safe condition. Kassman v. St. Louis, 153 Mo. 293.

As in the case of Wallinger v. Kansas City, 71 Mo. App. 354, the question is, whether or not the city negligently permitted a dangerous obstruction to remain in one of its public streets and was the plaintiff injured thereby? It matters not how or by what means the obstruction got there, whether through the improper acts of the defendant water company or

of the defendant city, the duty still rested on the latter to remove such dangerous obstruction as soon as it could with reasonable diligence after it had knowledge or means of knowledge of the existence thereof." Badgley v. St. Louis, 149 Mo. 122; Sallee v. St. Louis, 152 Mo. 615; Norton v. St. Louis, 97 Mo. 537.

It has been, in effect, held that when a hydrant has been improperly placed in a street it may constitute an obstruction or a defect sufficient to render the city liable to the one who is injured thereby without his fault. Wilkins v. Rutland, 61 Vermont 336; King v. Oshkosh, 75 Wis. 517; Scranton v. Catterson, 94 Pa. St. 202. It seems that the water company was authorized by an ordinance of the defendant city to lay its water pipes along the street on which the injury happened and to erect hydrants thereon, but if in pursuance of that authority it erected the hydrant in question, and that such hydrant was so located in the street and was of such a size and length as to constitute a dangerous obstruction to travel, and the defendant city, with knowledge of its existence permitted it to remain, and that in consequence thereof the plaintiff was injured without his fault he might recover. And the fact that the hydrant was erected by the water works company under a license for that purpose, does not relieve the defendant of liability after it had notice that the street was rendered thereby unsafe and dangerous. After the defendant had notice that the street was rendered unsafe and dangerous by the erection of the water pipe by the water company, its liability for injuries occasioned thereby was the same as if such hydrant had been erected by its own servants. Elliott on Streets, sec. 634; Russell v. Columbia, 74 Mo. 480; Ray v. City, 70 Mo. App. 252.

The public had the right to the use of the entire width of the street. There was no part of it appropriated to sidewalks for the use of pedestrians. Vehicles were habitually driven by the public over every part of it. They had the same right to use that part of it lying between the hydrant and the prop-

erty line as they did any other part of it. And whether the hydrant, left standing eleven feet four inches into the street from the property line, rendered such street unsafe and dangerous to those traveling with vehicles over it, either by day or night was a question of fact which was for the jury and not for the court to determine from the evidence.

And we can not say, as a matter of law, that because the plaintiff was driving his wagon along the street after night with his legs hanging down and while so doing was hurt in the manner which we have stated to be disclosed by the evidence, that he was guilty of contributory negligence. It has been held that when a horse of ordinary gentleness, as here, merely shies or swerves to one side so that the driver does not lose control over him and an injury is caused without his fault in coming in contact with an obstacle or defect in the street, the city is liable. Aldrath v. Gorham, 77 Me. 287; Baltimore v. Batman, 68 Md. 389; Stone v. Hubbardton, 100 Mass. 49. The fact that the plaintiff knew of the location of the hydrant is of no consequence, since the night was so dark that he could not see it, nor is it certain if he had, the result would have been different. If it had been lighter and posts and guard-rails of sufficient height had inclosed it, the horses when shying could probably not have drawn the wagon over it as they did. And though the plaintiff's horses were ordinarily gentle, he would have been unable to have stopped them before his wagon passed over the hydrant even though he had seen it just before they shied and deflected. It does not appear that the injury which the plaintiff received was the result of his own fault. It seems clear from the evidence that the negligence of the defendant was the sole, direct and proximate cause of such injury.

The instructions viewed in their entirety, fairly submitted the case to the consideration of the jury. No error is perceived in the action of the court in respect to the giving or refusing of any of them.

The defendant further complains that the trial court erred in its action sustaining the demurrer to the evidence interposed by its co-defendant water works company and giving judgment against it alone. Under the statute (section 5723, Revised Statutes) whenever any city of the second class shall be made liable to an action for damages by reason of the wrongful act, negligence, carelessness or unskillfulness of any person or corporation and such person or corporation shall also be liable to an action on account thereof by the party so injured, the injured party, if he sues the city for damages, shall also join such other person or corporation so liable, if residing in this State, and no judgment shall be rendered against such city unless judgment shall be rendered against such other person and corporation so liable; and if it is made to appear that any person ought to be joined as a defendant in the suit the plaintiff shall be nonsuited, but *that no person shall be liable under the section to be sued jointly with the city, who would not be liable to be sued separately* irrespective of the provisions of the section." It is thus seen that to give the city the right to have a co-defendant joined with it under this section, such co-defendant must be liable to an action by the party injured; so we will consider the case from the standpoint of such liability.

The hydrant was built under contract with the city. By the provisions of the contract it was leased to the city as soon as constructed and accepted, and the water company had nothing further to do with it except to supply it with water. The mayor and council of the city has exclusive control and power over the streets (section 5508, Revised Statutes) to provide the city with water, and to establish hydrants in the streets for the extinguishment of fires and the convenience of the inhabitants. This necessarily involves the power to determine, as between the city and a contractor, the part of the street in which the hydrant should be put and its construction. It is also provided in section 5692, that the mayor and council may,

in their discretion, grant the right to any person or persons to erect waterworks and lay down pipes for the use of said city and its inhabitants upon such terms as the common council may by ordinance prescribe. This gives the city the right to lease the hydrants as provided in the ordinance previously referred to. The city, having absolute control of its streets, was alone responsible for the condition of the work, and whatever may have been the rights of the city with reference to requiring the water company to make a change, the plaintiff had no interest in them. Norton v. St. Louis, 97 Mo. 537; St. Louis v. Connecticut Mutual, etc., Co., 107 Mo. 92; Baustain v. Young et al., 152 Mo. 317.

The liability of the defendant city is based upon its negligence in allowing the obstructing hydrant to remain after actual or constructive notice of its location in the street as improved. Badgley v. St. Louis, ante; Franke v. St. Louis, 110 Mo. 519; Carrington v. St. Louis, 89 Mo. 208; Bonine v. Richmond, 75 Mo. 437.

It does not appear from the evidence that this is a case where the defendant waterworks company was primarily liable for the injury on account of any wrongful or negligent act on its part and the defendant, therefore, has no right to complain of the action of the court in sustaining the demurrer and rendering judgment against it alone.

It follows that the judgment must be affirmed. All concur.