John B. Vicars v. Gulf, Colorado & Santa Fe Railway Company.

Decided December 21, 1904.

**1.—Evidence—Conflicting Statement—Statements in Support.**

Plaintiff, a witness in his own behalf, who had been contradicted by showing a different statement as to the manner he received his injuries, made shortly after the event, could not introduce in rebuttal the testimony of his physician to a statement corroborating his present testimony, made in the hearing of the latter, to his attorney, about a month later.

**2.—Charge.**

A charge directing a verdict for defendant if the evidence relieved it from certain alleged grounds of negligence was erroneous where there were other grounds, pleaded and supported by evidence, on which recovery by plaintiff would have been warranted.

**3.—Same—Request.**

While it is not necessary that the jury find the existence of all the grounds of negligence alleged by plaintiff in order to warrant a verdict in his favor, a charge to find for him if they all exist is not affirmative error, nor cause for reversal unless he requested a charge permitting his recovery on proof of less than all.

**4.—Charge.**

An instruction to find for defendant if the work in which plaintiff was engaged when injured was not more than usually dangerous was manifestly erroneous.

Appeal from the District Court of Bell. Tried below before Hon. Jno. M. Furman.

*Pendleton, Ferguson & Durrett,* for appellant.—The defendant having introduced what purported to be a written statement of plaintiff, made on the day he received his injuries, directly and materially contradicting his testimony on the trial, it was competent for plaintiff to support his testimony on the trial and rebut this contradictory evidence offered by defendant, by evidence of the same class and character, to wit: statements of plaintiff about the identical matter and made about the same time as the contradictory statement offered by defendant. Missouri, K. & T. Ry. Co. of Texas v. Hawk, 69 S. W. Rep., 1040; Galveston, H. & S. A. Ry. Co. v. Tuckett, 25 S. W. Rep., 150.

The plaintiff in an action for personal injuries caused by the negligence of the defendant, in addition to a general allegation of negligence may allege several specific acts of negligence, and if the evidence shows anyone of the specific acts of negligence it will be sufficient to support a finding of negligence on the part of defendant, and in this case, plaintiff having alleged five specific acts of negligence on the part of defendant as the proximate cause of his injuries, proof of any one of the five specific acts of negligence would be sufficient to support plaintiff's allegation of negligence. The charges complained of require the jury to find that each and all the specific acts of negligence alleged must be proved before they could find a verdict for plaintiff, and were therefore erroneous.

The court erred in that portion of its charge which reads as follows:

"If you find from the evidence that the plaintiff was injured at the time and place *as alleged,* but at the time of such injury the work upon which said gang was engaged was attended with no more danger than ordinarily and usually arises in the performance thereof, you will find for the defendant."

*J. W. Terry* and *A. H. Culwell,* for appellee.—Where the plaintiff, in an action, has testified in his own behalf and contradictory statements have been proven against him, it is not competent for him to show that at other times he had made statements substantially in accordance with his testimony on the trial. Aetna Ins. Co. v. Eastman, 95 Texas, 36, 39; McCowen v. G. C. & S. F. Ry. Co., 7 Texas Ct. Rep., 78; Conrad v. Griffey, 11 Howard, 491; Ellicott v. Pearl, 10 Peters, 438; Queener v. Morrow, 1 Coldwell (Tenn.), 123; Loomis v. Railway Co., 159 Mass., 39; Nichols v. Stewart, 20 Ala., 358; Riney v. Vanlandingham, 9 Mo., 816; Stolp v. Blair, 68 Ill., 541.

If the work being done by Vicars at the time of the accident was attended with no more danger than ordinarily or usually arose in the performance thereof, then the defendant would not be responsible for the resulting injury, and it was right and proper for the court to so tell the jury in this case, there being evidence offered on behalf of the defendant to support the same, and the issue having been raised by defendant's answer; and the fact that the issue was not raised by the plaintiff was wholly immaterial. It was raised by the defendant, and it was the duty of the court to give an affirmative charge on every phase of the case raised by either party.

EIDSON, ASSOCIATE JUSTICE.—This is a suit brought by appellant for damages for personal injuries alleged to have been received by him on the 26th day of June, 1903, through appellee's negligence, while employed by it as a bridge carpenter.

The appellee answered by general denial, pleading assumed risk, contributory negligence, and that appellant's injuries, if any, were caused by the act of his fellow servants.

The case was tried before a jury and a verdict and judgment rendered for the defendant in the court below, appellee herein.

Appellant by his first assignment of error insists that the court below erred in not permitting him to prove by the witness, Dr. Yarborough, a statement claimed to have been made by him, the appellant, in the hearing of said witness, about the 1st day of July, 1903. The statement sought to be proved by appellant, showed that he sustained the injuries claimed by him in substantially the same manner as testified to by him on the trial of the case. Appellant's contention is that he was entitled to introduce in evidence this statement in rebuttal of a written statement introduced in evidence by appellee, claimed by it to have been made under the authority of appellant immediately after he received his injuries, and which statement purported to set out the manner in which he received his injuries, and stated same differently from the manner in which he testified they were received. Appellant's bill of exceptions taken to the action of the court in refusing to permit him to introduce in evidence the statement made by him in the presence of Dr. Yar-

borough, shows that said statement was made to John B. Durrett, Esq., whom the record shows is one of the attorneys for appellant in this case, in the hearing of said witness, Dr. Yarborough, who was at the time the attending physician of appellant. At the time of making this statement, appellant was evidently contemplating urging a claim for damages against appellee on account of the injuries claimed to have been received by him. He was then doubtless informing the attorney, whom he had already engaged or was proposing to engage to represent him in the matter of such claim, of the circumstances under which his injuries were received. It was to appellant's interest at this time to make a statement favorable to his claim. His desire to be successful in the contemplated prosecution of his claim for damages, and to thus procure compensation for his injuries, constituted a motive to make the statement favorable to his claim. Anyway, it does not appear that such motive at the time did not exist. We think the statement was inadmissible in evidence, and the court below did not err in refusing to admit it. The rule applicable in such cases is thus stated in Aetna Insurance Co. v. Eastman, 95 Texas, 38:

"The reason that evidence of former declarations of a witness are admissible in such cases is that his testimony having been assailed on the ground that he had an interest to fabricate it, proof that he made statements consistent with that testimony at a time when he had no such interest tends to show that the testimony was not an afterthought and to rebut the theory of fabrication. As we think, according to the best authorities, this is the reason of the rule and suggests its appropriate limitations. 2 Evans Pothier on Obligations, 247. The declarations offered in evidence in such cases are at best hearsay and are inadmissible under the general rule; and we are of opinion that if the declarations are sought to be brought within the exception, the grounds which take it out of the rule ought clearly to appear."

The questions decided in the cases of Missouri, K. & T. Railway Co. v. Hawk, 69 S. W. Rep., 1040 and Galveston, H. & S. A. Ry. Co. v. Tuckett, 25 S. W. Rep., 150; cited by appellant, are not analogous to the question here involved. In the Hawk case, the plaintiff testified to the fact of his receiving injuries and to the nature of such injuries. The defendant, in order to show that the plaintiff had not received any injuries, introduced proof that he made no complaint of receiving injuries while he remained in the employment of defendant, either to the foreman or other employes; and plaintiff was permitted to show in rebuttal that after the accident he made statements complaining of being injured and suffering pain.

In the Hackett case, the plaintiff testified on the trial that his damages amounted to $360. The agent of the defendant testified that Hackett had claimed only $300 all the time, and the plaintiff in rebuttal was permitted to show by testimony that he had claimed $360. In neither of these cases was the point involved or raised, as to whether at the time of making the statements introduced in rebuttal by the plaintiffs, a motive existed upon his part to make same favorable to himself.

Appellant's third assignment of error is as follows:

"The court erred in giving to the jury special charge No. 4, asked by

the defendant as follows: 'Before plaintiff will be entitled to recover herein, you must believe from a preponderance of the evidence the plaintiff was directed by the foreman to go in front of the pile that was being transferred, and unless you believe from the evidence that the foreman did direct the plaintiff to get in front of said piling, and that it was negligence for the foreman to give such order, and that same was the proximate cause of the injury, you will return a verdict for the defendant herein," .and special charge number 2 given by the court which is as follows:

" 'You are charged that if you find and believe from the evidence that Mr. Sprague, the foreman, directed the plaintiff and others to transfer the said piling from one car to another, and if you further believe that while said employes were engaged in transferring such piling, and if you further believe that it was usual and proper for said employes to stand behind and not in front of piling that was being moved, and if you further believe that plaintiff voluntarily changed his position and got in front of this pile, and that he was not directed by the said foreman, William Sprague, to get in front of said pile, and you further believe that he would not have been injured had he remained behind the said piling and not got in front of same, then the defendant would not be·liable, and you will return a verdict for it in this case'; because the said charges entirely ignore the other acts of negligence on the part of the foreman, William Sprague, pleaded and proved by the plaintiff, to wit: (1)˙ The fact of attempting to handle and transfer the said logs with an insufficient force of men; (2) the careless, reckless and heedless manner in which the said foreman conducted the work of transferring the said piling; (3) negligent and careless manner in which the said foreman placed the said skid or support; (4) careless, reckless and negligent manner in which the foreman caused the said logs to be rolled over the plaintiff without giving him notice; and for this reason the said charges are incorrect, do not present the law of the case and are inapplicable to the facts of the case, and are not supported by and are contrary to the pleading and the evidence in said particulars.'

We think these special charges are subject to the criticism of appellant. We do not think the direction of the foreman to appellant to get in front of the piling being removed was necessarily the sole proximate cause of his injuries. It might be that if the foreman had had at the time a sufficient force of men to properly handle the piling he was attempting to transfer from one car to another; or if he had exercised ordinary care in conducting the work of transferring such piling, or in placing the skids, used in rolling the piling, over the one already transferred, or if the foreman had exercised ordinary care in causing the log to be rolled over said other log after appellant had been directed to go in front of same and was in front of same, or had given him proper notice of the intention to so roll such log, appellant would not have encountered any danger in going in front of said log. Appellant's testimony tended to support each of the allegations of negligence contained in his petition; and these special charges precluded the jury from finding in his favor upon any of them, except that based upon the direction of the foreman to him to go in

front of the piling. Hence we are of opinion the court below erred in giving to the jury special charges numbers 2 and 4 requested by appellee.

We do not think there was any error in that portion of the court's charge complained of in appellant's fourth assignment of error. It is not true, under the holding of the Supreme Court that the jury are required to find each and all of the allegations of negligence mentioned in said charge true, before they would be authorized to find in favor of plaintiff; but it is true that the plaintiff would be entitled to a verdict upon such finding. If the plaintiff desired the court to instruct the jury to find for him, if they found any of his allegations of negligence true, he should have requested such instruction. Hill v. Gulf, C. & S. F. Ry. Co., 95 Texas, 629; Texas & P. Ry. Co. v. Brown, 78 Texas, 402; Sabine & E. T. Ry. Co. v. Wood, 69 Texas, 679.

By his fifth assignment of error, appellant complains of the following paragraph of the court's charge: "If you find from the evidence that the plaintiff was injured at the time and place as alleged, but at the time of such injury the work upon which said gang was engaged was attended with no more danger than ordinarily and usually arises in the performance thereof, you will find for the defendant."

This charge is manifestly erroneous, as it directs the jury to find in favor of the defendant, if the work upon which appellant was engaged was attended with no more danger than ordinarily and usually arises in the performance thereof, regardless of the negligence of the foreman in the conduct and performance of the work.

We have considered appellant's other assignments of error, and are of opinion they are not well taken; and hence overrule them.

For the errors indicated above, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*