**Charles B. LUTZ, Respondent,**

v.

**Ollie R. KEHR and Viola Kehr, Appellants.**

**No. 47515.**

Supreme Court of Missouri,

Division No. 2.

March 14, 1960.

Paul Ewing Allen, Jefferson City, for appellants.

R. W. Stillwell, Tuscumbia, Harry H. Kay, Eldon, for respondent.

JAMES W. BROADDUS, Special Judge.

The petition in this case is in two counts. The first count seeks to determine title to twenty-five acres of land in Cole County, Missouri; the second count is one in ejectment on the same real estate. The defendants' answer is in the form of a general denial, and also alleging and claiming the real estate described in plaintiff's petition as the homestead of the defendants and thus exempt from execution.

Plaintiff Lutz bases his claim on a deed executed by the Sheriff of Cole County, dated May 13, 1958. On April 28, 1953, as the result of a jury trial plaintiff obtained a judgment based upon a promissory note against the defendants herein in the Circuit Court of Miller County. A general execution was issued on said judgment by the clerk of said court on January 6, 1958. Said execution was directed to any sheriff in the State, and the same was sent to the Sheriff of Cole County, who in turn levied on the land here involved. On February 13, 1958, said real estate was sold under the execution and was bid in at the sale by plaintiff (the judgment creditor) for the sum of $2,000.

After taking the case under advisement, the court rendered judgment for plaintiff upon each count of his petition and the defendants appealed. We will relate the evidence as we consider the points made.

■ Plaintiff's cause of action against defendants accrued on October 3, 1950, when the promissory note which he held against them became due. Defendants' alleged homestead in the 25 acre farm in question was not acquired until July 18, 1956. The farm was therefore subject to levy upon the judgment entered in plaintiff's favor on April 28, 1953. This because Section 513.510, V.A.M.S., 1949, provides: "Such homestead shall be subject to attachment and levy of execution upon all causes of action existing at the time of the acquiring such homestead, * * *." Defendants do not seem to question this proposition, but claim that a homestead right in a prior homestead was transferred to the 25 acre farm.

Defendants rely upon Section 513.515, V.A.M.S., 1949, which provides as follows:

"Whenever such housekeeper or head of a family shall acquire another homestead in the manner provided in section 513.510, the prior homestead shall thereupon be liable for his debts, but such other homestead shall not be liable for causes of action against him to which such prior homestead would not have been liable; provided, that such other homestead shall have been acquired with the consideration derived from the sale or other disposition of such prior homestead, or with other means not derived from the property of such housekeeper or head of a family."

■ As is to be seen the foregoing section provides that before the exemption of one homestead can be transferred to a subsequently acquired homestead it must be shown that the later homestead was acquired with the consideration derived from the sale or other disposition of the prior homestead, or with other means not derived from the property of such head of a family. In an attempt to trace the proceeds of a prior homestead into the 25 acre farm in question defendants gave a history of various homes which they had owned from 1945 to the time they acquired the 25 acre tract. Without retracing all of the transactions over the period we can start with the sale of a home on July 20, 1948. Another home was not purchased by defendants until April 24, 1951, which was occupied by them until April 24, 1953. After the sale of the home on April 24, 1953, defendants then moved to a community known as Enon in Moniteau County, where they stayed in a rented house until September 2, 1953, when they moved to Russellville. When they moved to Russellville defendants purchased a tavern, and moved into

the upstairs over the tavern. The money used to purchase the tavern came from Mrs. Kehr's father. In the spring of 1956, defendants bought a house in Russellville but did not move into it. The evidence does not show with what money they purchased this house in Russellville, but the house was never occupied by them and thus did not become their homestead. In order to establish a homestead it is necessary that the householder not only own the property but that he occupy it as a homestead. In Rouse v. Caton, 168 Mo. 288, 296, 67 S.W. 578, 579, the Court said:

"It requires both ownership and occupancy to constitute a homestead."

This court has held that for the provisions of Section 513.515 to avail a debtor he must not only show that the proceeds of one homestead go into a later homestead (Klotz v. Rhodes, 240 Mo. 499, 144 S.W. 791), but that such proceeds went into the later homestead within a reasonable time after the sale of the first homestead. Goode v. Lewis, 118 Mo. 357, 24 S.W. 61.

■ The 25 acre farm in question was paid for by money borrowed from a bank, the loan being secured by a mortgage upon the house in Russellville and the 25 acre tract. Later defendants sold the house and paid off the bank loan. Since defendants never acquired any homestead rights in the Russellville house, and since the proceeds from the sale of that house paid for the 25 acre farm, defendants cannot claim that the farm was "acquired with the consideration derived from the sale * * * of such prior homestead * * *."

Defendants also contend that the sale of the farm to plaintiff was void because the sheriff failed to notify them of their homestead exemptions. As we have pointed out, defendants did not have any homestead exemption in the 25 acre farm. That being true, the sheriff was under no obligation to notify them of any homestead rights. In the case of Smith v. Thompson, 169 Mo.

553, 562, 69 S.W. 1040, 1043, appears this pertinent language:

"It is also urged that the sheriff's sale was void because he did not give notice to DeVorss that he had the right of a homestead in the land. If the defendant in the execution had been entitled to a homestead in the land, the sheriff's duty would have been to so inform him, but as he had no such right the statute in that respect had no application."

The judgment should be affirmed. It is so ordered.

LEEDY, P. J., and EAGER and STORCKMAN, JJ., concur.

JAMES W. BROADDUS, Judge, Kansas City Court of Appeals, sitting as Special Judge by transfer order.